Hugh D. COX, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 99–263.

United States Court of Appeals
for Veterans Claims.

Aug. 17, 1999.

Before HOLDAWAY, STEINBERG, and
GREENE, Judges.

## ORDER

PER CURIAM:

On February 3, 1999, Leroy Jackson, the veteran, filed through counsel, Hugh D. Cox, a Notice of Appeal as to a January 21, 1999, decision of the Board of Veterans' Appeals (Board or BVA) that established the counsel's eligibility for direct payment by the Secretary of attorney fees for legal services rendered in connection with a Department of Veterans Affairs (VA) regional office (RO) grant of entitlement to an increased rating from 20% to 40% for rotoscoliosis with lumbosacral strain, effective June 1, 1997, through August 24, 1998. In that January 1999 decision, the Board determined that the VARO had erred in using September 30, 1998, as the termination date of the period of past-due benefits rather than August 24, 1998, the date of the underlying BVA decision, and concluded that the RO should recalculate that period. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons that follow, the Court will affirm the Board's decision.

On March 3, 1999, the attorney filed a motion to amend the caption of the case to "In the Matter of the Fee Agreement of Hugh D. Cox" in order to reflect that the BVA decision at issue related solely to the matter of attorney fees as to the veteran's claim. On March 4, 1999, the Court granted

in part that motion and, because of a change in the Court's case-management practices, recaptioned the case as "Hugh D. Cox v. Togo D. West, Jr."

On April 16, 1999, the Secretary filed a motion to dismiss for lack of jurisdiction; he argues that the January 1999 BVA decision fully resolved the fee matter in the attorney's favor and that the attorney is thus not "a person adversely affected" under 38 U.S.C. § 7266(a) and does not have standing to bring the appeal. On April 30, 1999, the attorney filed a second motion to recaption the case, this time to include the veteran. The attorney argues that the veteran has an interest in the amount of past-due benefits to be awarded to his attorney because such an award would affect the amount of past-due benefits paid to the veteran. On May 4, 1999, the attorney filed a response to the Secretary's motion to dismiss. The attorney argues that he is adversely affected by the January 1999 BVA decision because the Board reduced the amount of fees that the attorney was entitled to receive by reducing the past-due-benefits time period (by changing the termination date from September 30, 1998, to August 24, 1998), on which an award of attorney fees is based. The attorney also asserts that the termination date for the veteran's past-due benefits should be December 1, 1998, the date on which the Board actually mailed the August 24, 1998, BVA decision. He appears to be arguing that, because 38 U.S.C. § 5104 requires the Secretary to provide notice of a BVA decision and because 38 C.F.R. § 3.110(a) (1998) provides that the first day of a particular period "shall be the date of mailing of notification to the claimant", the date of the BVA decision becomes the date that the Board actually mails the decision when there is a difference between the two dates.

Initially, the Court notes that it is generally in a veteran's interest to have an earlier termination date for past-due benefits so that less money is withheld from his benefits for attorney fees. Because of the appellant attorney's concerns about the interests of his client, the veteran, in the outcome of this fee-agreement matter, the Court will send a copy of this order to the veteran. However, the Court will deny the attorney's motion to amend the caption because there has been no indication from the veteran that he seeks to intervene pursuant to Rule 15 of the Court's Rules of Practice and Procedure.

As to the Secretary's motion to dismiss, the Court holds that the attorney is "a person adversely affected" and thus has standing to pursue his claim because the Board's determination that the past-due-benefits termination date was miscalculated will in fact reduce the amount of attorney fees to be awarded to him. *See* 38 U.S.C. § 7266(a); *Landicho v. Brown*, 7 Vet.App. 42, 49 (1994) (section 7266(a) adversely-affected requirement echoes standing requirement that party show some actual or threatened injury suffered as a result of appellee's conduct); *see also* 38 U.S.C. § 5904(d)(2)(A)

■ Moving to the merits, the Court notes that § 3.110(a) pertains to "computing the time limit for any action required of a claimant or beneficiary" and that the matter involved here does not require an action by a claimant or beneficiary but, rather, by the Secretary. The attorney-fee statutory provision applicable to representation on VA claims provides: "In no event may the Secretary withhold for the purpose of such payment any portion of benefits payable for a period after the date of the final decision of the Secretary, the [BVA], or [this Court] making (or ordering the making of) the award." 38 U.S.C. § 5904(d)(3); *see also* 38 C.F.R. § 20.609(h)(3)(i) (1998) (past-due benefits "sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision"). The attorney, in fact, concedes that § 20.609(h)(3)(i), which is authorized by section 5904, "allows [VA] to count past-due benefits as of the date of the initial disability rating decision—no matter when mailed to the veteran or his counsel" and that that contradicts his analysis. The Court holds that § 3.110(a) on its face is inapplicable to an action by the Secretary and that section

5904(d)(3) governs here, in the event that there were any doubts, although for the Court there were none.

Upon consideration of the foregoing analysis and the parties' pleadings, the Court holds that the appellant has not demonstrated that the Board committed error—in its findings of fact, conclusions of law, procedural processes, or articulation of reasons or bases—that would warrant reversal or remand under 38 U.S.C. §§ 5904(c)(1), (d)(3), 7104(a), (d)(1), 7261, or 38 C.F.R. § 20.609(h)(3)(i). Therefore, the Court will affirm the January 21, 1999, BVA decision.

On consideration of the foregoing, it is

ORDERED that the appellant's April 30, 1999, motion to recaption the case is denied. It is further

ORDERED that the Secretary's April 16, 1999, motion to dismiss for lack of jurisdiction is denied. It is further

ORDERED that the January 21, 1999, BVA decision on appeal is AFFIRMED.